IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MICH AUREL, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. ELH-20-1339 |
| HOLLY HOOVER, et al., | * | |
| Defendants. | ********* | |
| | | |
| MICH AUREL, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. ELH-20-1340 |
| RICH HALLWORTH, et al., | * | |
| Defendants. | ********* | |

## **MEMORANDUM**

This Memorandum addresses two civil rights cases filed by the self-represented plaintiff, Mich Aurel, an inmate confined at the North Branch Correctional Institution ("NBCI").

The first case was received on May 29, 2020, and was instituted as *Aurel v. Hoover, et al.*, Civil Action No. ELH-20-1339. ("Aurel I"). Aurel seeks to be transferred to an outside hospital for medical testing and treatment and seeks $20,000,000 in damages. He claims that he has been denied his asthma inhaler for the past two months. ECF 1 at 4. He also complains of abdominal pain "in the colon," infection that has spread to his liver and kidneys, and asserts that he has been denied medication. *Id.* Further, Aurel states that he "may have" multiple diseases, including illness in his pancreas, anus, kidneys, liver, gall bladder, small intestine and large intestine. *Id.* at 5. He names as

defendants individuals who appear to be medical staff employed by the private health care contractor Corizon, which provides health care to inmates at Maryland state prisons.

Also on May 29, 2020, the Court received a second prisoner civil rights action from Aurel, instituted as *Aurel v. Hallworth, et al.,* Civil Action No. ELH-20-1340 ("Aurel II"). Aurel lists as defendants Rich Hallworth, Corizon's Chief Executive, and two other individuals identified as Corizon employees. He asserts medical complaints similar to those in *Aurel I*, including that he has abdominal pain in his colon, infection that has spread to his liver and kidneys, and has been denied medication. Aurel II, ECF 1 at 4.

In both cases, Aurel alleges that his symptoms persist, despite 550 "sick calls" from 2009 to the present. *Id. Aurel I*, ECF 1 at 4; *Aurel II*, ECF 1 at 4. And, in both cases he seeks leave to proceed in forma pauperis.

Aurel has filed roughly 50 actions in this court over the past nine years. In three of the cases Aurel was granted leave to proceed in forma pauperis, pursuant to the provisions of 28 U.S.C. § 1915(a). The cases were dismissed as frivolous or for the failure to state a claim. Aurel has repeatedly been notified that the dismissals constitute "strikes" under 28 U.S.C. § 1915(e),[1] and that a prisoner is not allowed to bring a civil action under the provisions of § 1915 if he "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state

---

[1] *See, e.g., Mich v. Nice, et al.*, Civil Action No. JKB-14-1397; *Aurel v. Gainer, et al.*, Civil Action No. ELH-15-1750; *Aurel v. Jones, et al.*, ELH-15-1928; *Aurel v. NBCI, et al.*, Civil Action No. ELH-16-0850; *Aurel v. NBCI*, et al., Civil Action No. ELH-16-0851; and *Aurel v. Vanskiver*, Civil Action No. ELH-19-2756.

a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).[2]

As Aurel's cases are subject to review under 28 U.S.C. § 1915(g), he may not proceed in these actions unless he (1) submits the $400.00 civil filing fee or (2) moves to proceed in forma pauperis and provides particularized factual allegations establishing that he is subject to imminent danger of serious physical injury. Aurel does not allege in either of these two recently filed actions that he is in imminent danger. The court notes that Aurel has another pending action, *Aurel v. Hallworth, et al.*, Civil Action No. ELH-19-0185, in which he has raised similar claims of abdominal pain, the possibility of colon cancer, kidney pain, and denial of medications. In fact, Aurel lists ELH-19-0185 as a related case in the complaint filed in both Aurel I and Aurel II.

Motions for summary judgment filed by defendant medical providers are pending in Civil Action ELH-19-0185. *Id.*, ECF 22; ECF 30. Aurel has had an opportunity to respond to the motions. *Id.*, ECF 24; ECF 31. Aurel incorrectly states in the complaints filed in Aurel I and Aurel II that Civil Action ELH-19-0185 has been dismissed. Aurel I, ECF 1 at 3; Aurel II, ECF 1 at 2.

Additionally, the court notes that Aurel's previous litigation in this court has included multiple cases raising similar claims of untreated abdominal issues and cancer. *See Aurel v.*

---

[2] Specifically, §1915g) mandates:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

*Wexford*, Civil Action ELH-13-3721; *Aurel v. Warden , et al.*, Civil Action ELH-15-1127; *Aurel v. Wexford Health Sources, Inc., et al.*, Civil Action ELH-15-1797. In those cases, the court examined Aurel's health care claims and granted judgment in favor of the medical defendants in.

Aurel's recurring complaints concern issues that have been briefed and exhaustively reviewed by this court over the past few years. Additionally, he has an action pending in which these claims will again be reviewed. Aurel has not alleged imminent danger in the instant action and there is no plausible basis for granting Aurel review of his current claims under the § 1915(g) exception. Aurel is forewarned that should he attempt to file future civil rights actions in this court, they must be accompanied by the civil filing fee. In the alternative, a complaint filed with an indigency application must demonstrate that Aurel is in imminent danger of serious physical harm.

Accordingly, Aurel's motions to proceed in forma pauperis shall be denied and his complaints shall be dismissed, without prejudice, by separate Order.

Date: June 18, 2020 　　　　　／s／＿＿＿＿＿＿＿
　　　　　　　　　　　　　　Ellen L. Hollander
　　　　　　　　　　　　　　United States District Judge